UNITED STATES of America,

v.

Jesús E. RIVERA CLASS,
et al, Defendants.

No. CR. 02–042(HL).

United States District Court,
D. Puerto Rico.

Aug. 8, 2002.

---

Harry Anduze–Montano, San Juan, PR, for Jesus Emilio Rivera Class.

Rebecca Kellogg-De-Jesus, U.S. Attorney's Office, Hato Rey, PR, for U.S.

## OPINION AND ORDER

LAFFITTE, Chief Judge.

Before the Court is a motion by Defendant Jesús Rivera Class ("Rivera") to dismiss the indictment for selective prosecution and to obtain discovery on this issue. Rivera is one of seventeen defendants, all of whom are charged with conspiracy to interfere with commerce by extortion, in violation of 18 U.S.C. § 1951, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).

The indictment alleges that five of the defendants—Victor Fajardo, the Secretary of the Puerto Rico Department of Education ("PRDE"), along with José Cruz Mercado, Ruperto Vazquez, María Ramos Matos, and María Pérez Huertas—received bribes from the other twelve. The other twelve individuals—including Rivera—were employees, owners, or partners in business entities which provided services to the PRDE. The indictment charges that these twelve individuals were awarded PRDE contracts in exchange for the payments they made to the other five defendants.

In his motion, Rivera asserts that he is a member of the Partido Popular Democrático ("PPD") political party. He also asserts; "upon information and belief," that the Government has been informed of other individuals who are members of the Partido Nuevo Progresista ("PNP") party who engaged in conduct similar to that with which Rivera has been charged; that these individuals benefitted even more than Rivera is alleged to have benefitted; that there were more than fifty contractors who did business with the PRDE during the time that Fajardo was its Secretary; that several of these contractors participated in similar business-for-bribe schemes; and that the Government has not brought charges against any of these other individuals. Rivera also asserts that

before the indictment was filed he cooperated fully with the United States Attorney's Office; that as a result of this cooperation, the Government agreed that his bail would be $150,000; that when Rivera made his initial appearance before a magistrate judge in the Middle District of Florida, bail was set at $150,000; that when he appeared in this Court, the Government "vindictively" requested that the bail be increased to $250,000; and that the Government did not do this to any of the other defendants. Rivera further asserts that all the other defendants in this case are members of the PNP.

Rivera argues that he has been singled out because of his affiliation with the PPD. He asks that the Government be ordered to produce the following in order to allow him to prove his allegation: the names of all other contractors who did business with the PRDE between 1994 and 2000 and whose contracts involved federal funds; the names of all other persons who made financial contributions to any of the defendants in this case "by way of extortion"; all statements that the Government is aware of which indicate that the PRDE extorted money between 1994 and 2000; the names of all persons who had knowledge of these extortion schemes; the names of all persons at the PRDE or the PNP who participated in any scheme of extortion; the names of any PNP members who received one million dollars between 1994 and 2000; and any other information which the Government might have to support Rivera's claim of selective prosecution.

In its response, the Government alleges that its evidence indicates that Rivera made contributions to the PNP and that he participated in PNP fund-raising activities. It further alleges that it considers Rivera to be the "main defendant" among the private contractors in this case; that it considers him to be the contractor who paid the highest amount of bribes; that he "has access to large amounts of money;" and that for these reasons the Government requested that his bail be increased to $250,000. The Government states that the $150,000 bail was set at the request of an Assistant United States Attorney in Florida who is not involved in or familiar with this case. The Government denies that Rivera cooperated with it prior to the filing of the indictment and denies that there was ever an agreement that his bail would only be $150,000. The Government further states that it continues to investigate other PRDE contractors. It also denies that political affiliation has been a factor in determining whether to charge any individual in this case.

The Government has broad discretion in deciding whom it will prosecute. *United States v. Armstrong*, 517 U.S. 456, 464, 116 S.Ct. 1480, 1486, 134 L.Ed.2d 687 (1996); *Wayte v. United States*, 470 U.S. 598, 607, 105 S.Ct. 1524, 1530, 84 L.Ed.2d 547 (1985); *United States v. Goldberg*, 105 F.3d 770, 776 (1st Cir.1997). This decision is "particularly ill-suited to judicial review," and courts should be hesitant to examine the propriety of a decision to prosecute. *Wayte*, 470 U.S. at 607–08, 105 S.Ct. at 1530–31. There is a presumption that prosecutors act in good faith and do not prosecute for vindictive or discriminatory reasons. *United States v. Peterson*, 233 F.3d 101, 105 (1st Cir.2000); *United States v. Graham*, 146 F.3d 6, 9 (1st Cir. 1998). If, however, a prosecutor uses impermissible criteria, such as race or religion, in determining whom to charge, the decision to prosecute will be subject to judicial review. *United States v. Rodriguez*, 162 F.3d 135, 153 (1st Cir.1998).

A claim of selective prosecution is reviewed under " 'ordinary equal protection standards.' " *Armstrong*, 517 U.S. at 465, 116 S.Ct. at 1487 (quoting *Wayte*, 470 U.S.

at 608, 105 S.Ct. at 1531). A defendant must show that the Government's decision both had a discriminatory effect and was motivated by a discriminatory purpose. *Armstrong*, 517 U.S. at 465, 116 S.Ct. at 1487. A defendant claiming that he was singled out for prosecution because of his political affiliation must demonstrate that similarly situated individuals of a different political party were not prosecuted. *Id.*

Rivera seeks discovery and an evidentiary hearing on this issue. Subjecting the Government to discovery on its prosecutorial decisions poses the risk of intruding on a " 'core executive constitutional function,' " diverting prosecutorial resources, and requiring the Government to disclose prosecutorial strategy. *United States v. Magana*, 127 F.3d 1, 8 (1st Cir.1997) (quoting *Armstrong*, 517 U.S. at 465, 116 S.Ct. at 1486). To be entitled to an evidentiary hearing on a claim of selective prosecution, the defendant must identify facts which tend to show that (i) the Government did not prosecute other individuals similarly situated to the defendant and (ii) the Government's decision was motivated by illegitimate discrimination. *United States v. Serafino*, 281 F.3d 327, 331 (1st Cir.2002); *Peterson*, 233 F.3d at 105. To obtain discovery on this issue, the defendant must make a similar showing. *Magana*, 127 F.3d at 8. A defendant who makes this showing will be entitled to discovery and a hearing, unless the Government can present countervailing reasons for its decision which refute the claim of discrimination and which persuade the court that judicial review of this matter is unnecessary. *Graham*, 146 F.3d at 9.

In the present case, Rivera has not met the standard necessary to justify either discovery or a hearing. First of all, he has failed to allege facts which show that the Government has not prosecuted other individuals similarly situated to him. If anything, he has alleged exactly the opposite.

He claims that he is the only defendant who is a member of the PDP and that all other defendants are PNP members. Thus, of the seventeen defendants in this case, sixteen are members of the PNP. These numbers are hardly indicative of a pro–PNP bias on the part of the Government.

Second, his allegations are conclusory and lack specifics. Although he avers that there are other persons who illegally obtained contracts with the PRDE and who benefitted more than he is alleged to have done, he does not identify a single person. He does not provide any facts or details regarding these other persons which would allow the Court to determine whether they were in fact similarly situated to him. This lack of specificity is compounded by a third defect in the motion: his vague and conclusory allegations are made "upon information and belief." Nowhere does he explain what the basis is for this information. These unsupported allegations are insufficient to support a claim of selective prosecution. *Cf. Cadle Co. v. Hayes*, 116 F.3d 957, 961 (1st Cir.1997) (Statements made merely upon information and belief have no evidentiary weight).

Thus, Rivera has failed to make a threshold showing that would justify discovery and an evidentiary hearing on this matter. There is, however, an additional reason for denying his motion. The Government has come forward with countervailing reasons for its decision to prosecute Rivera. The Government asserts that, among the contractors charged in this case, Rivera is the one that paid the largest amount of bribe money. Moreover, with regard to Rivera's claim that "upon information and belief" there are other individuals who have not been charged but who benefitted from this illegal scheme even more than Rivera did, the Government responds that its investigation into

**4**

illegal payments to the PRDE is ongoing. These explanations refute Rivera's claim of discrimination and persuade the Court that discovery and a hearing are unnecessary. *See Graham*, 146 F.3d at 9.

The Supreme Court has cautioned courts to show deference to the Government's decisions to prosecute. These decisions are a core function of the executive branch. *See Armstrong*, 517 U.S. at 464–65, 116 S.Ct. at 1486; *Wayte*, 470 U.S. at 607–08, 105 S.Ct. at 1530–31. To overcome this deference, Rivera offers only conclusory allegations lacking in support and specificity. These sparse allegations are insufficient to meet the threshold showing of a discriminatory effect and a discriminatory motive. He makes sweeping requests for discovery, apparently with the hopes that he will then be able to piece together a selective prosecution claim. Given the deference which courts should afford to prosecutorial decisions and given the lack of substance in his claims, the Court denies these requests. *See Magana*, 127 F.3d at 8.

WHEREFORE, based on all of the above, the Court denies Rivera's motion to dismiss for selective prosecution, as well as his requests for discovery and an evidentiary hearing on this matter (docket no. 362).

**IT IS SO ORDERED.**